

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00201-CR

KALEB ALANIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-0931, Honorable Douglas H. Freitag, Presiding

January 15, 2025

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Kaleb Alaniz, appeals his conviction for indecency with a child[1] and sentence to twenty years of confinement. Appellant's brief was originally due October 31, 2024, but we granted Appellant's appointed counsel an extension to file a brief due to counsel's caseload. By letter of December 3, 2024, we admonished Appellant's counsel that failure to file a brief by January 2, 2025, could result in the appeal being abated and

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1).

the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has neither filed a brief nor had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1.    whether Appellant still desires to prosecute the appeal;

2.    whether Appellant is indigent;

3.    why a timely appellate brief has not been filed on behalf of Appellant;

4.    whether Appellant's counsel has abandoned the appeal;

5.    whether Appellant has been denied the effective assistance of counsel;

6.    whether new counsel should be appointed; and

7.    if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by February 14, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

2

Should Appellant's counsel file a brief on or before January 29, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.